IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GEORGE SCHILLINGER and RUTH SCHILLINGER, on behalf of themselves and all others similarly situated,** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL NO. 06-138-GPM<br>) |
| **360NETWORKS USA, INC., a/k/a 360Networks, Inc., f/k/a Worldwide Fiber, Inc., f/k/a Pacific Fiber Link,** | )<br>)<br>)<br>) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This action is before the Court on the Motion to Remand brought by Plaintiffs George Schillinger and Ruth Schillinger on behalf of themselves and all others similarly situated (Doc. 24). For the following reasons, the motion is **DENIED**.

## INTRODUCTION

Plaintiffs, who reside in Madison County, Illinois, originally filed this case in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, on February 17, 2005. As originally filed in state court, this case is a putative nationwide class action against 360Networks, Inc., claiming the company installed fiber optic telecommunications cable on Plaintiffs' land without permission as part of a telecommunications network.[1] More specifically, Plaintiffs allege that

---

1. Although the notice of removal in this case identifies an American subsidiary of 360Networks, Inc., called 360Networks (USA), Inc., as the named Defendant in the case, in fact, Plaintiffs' original state-court complaint names only 360Networks, Inc., as Defendant.

360Networks, Inc., installed the cable on or next to railroad, pipeline, energy, or other utility companies' rights-of-way which run through their property and that the installation, maintenance, and operation by 360Networks, Inc., of its telecommunications network without Plaintiffs' consent constitute a trespass.  Plaintiffs seek a declaratory judgment that 360Networks, Inc., did not obtain from the railroad, pipeline, energy, or other utility companies any title, interest, or right to occupy or use the rights-of-way, that the agreements between 360Networks, Inc., and the railroad, pipeline, energy, or other utility companies create no lawful encumbrance on the rights-of-way, and that 360Networks, Inc., has no valid easement, license, or other right of occupancy in the rights-of-way.  Additionally, Plaintiffs assert claims for trespass and unjust enrichment, and seek compensatory damages and punitive damages, together with pre-judgment and post-judgment interest and attorneys' fees and costs.[2]

Since its initial filing, this case has followed a rather tortuous procedural path on its journey to this Court.  Plaintiffs served 360Networks, Inc., with their complaint through the registered agent for 360Networks (USA), Inc., an American subsidiary of 360Networks, Inc.  On May 13, 2005, 360Networks, Inc., advised the state court that it was involved in bankruptcy proceedings in Canada, the company's place of incorporation.  On December 19, 2005, Plaintiffs moved in state court for voluntary dismissal of 360Networks, Inc., from the action pursuant to 735 ILCS 5/2-1009.  At the same time, Plaintiffs filed a motion requesting that the state court enter a proposed scheduling order identifying both 360Networks, Inc., and its American subsidiary, 360Networks (USA), Inc., as parties to the case and directing 360Networks (USA), Inc., to file an answer to Plaintiffs' state-court

---

2.    It should be noted that this case is the successor to a case originally filed in this Court, *Schillinger v. 360Networks, Inc.*, Civil No. 01-183-GPM (S.D. Ill. filed Mar. 23, 2001), which was dismissed by the Court for lack of federal subject matter jurisdiction on June 28, 2002.

complaint by a specified date. On January 3, 2006, the state court entered an order dismissing 360Networks, Inc., from the case; however, the state court did not enter Plaintiffs' proposed scheduling order. The clerk of the state court then listed this case as dismissed or terminated and closed the court's file on the case.

On February 9, 2006, counsel for the parties appeared in the state court for a case management conference at which Plaintiffs' counsel again moved for entry of the proposed scheduling order identifying 360Networks (USA), Inc., as a party to the case and directing the company to file an answer to Plaintiffs' state-court complaint by a specified date. The state court did not enter a scheduling order as requested; rather, it entered a default judgment against 360Networks (USA), Inc., pursuant to 735 ILCS 5/2-1301 (*see* Doc. 28, Ex. K). Having entered a default judgment against it, the state court necessarily granted Plaintiffs' request that 360Networks (USA), Inc., be identified as a party to the case. On February 15, 2006, the case was removed to this Court. Counsel for 360Networks, Inc., contend that the case is subject to removal pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA"), because Plaintiffs commenced the case after the effective date of the CAFA by joining a new party Defendant, 360Networks (USA), Inc. Plaintiffs have moved for remand of this action to state court for lack of federal diversity jurisdiction.

### DISCUSSION

  **A.**  **Legal Standard**

Removal of actions from state court to federal court is governed by 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Disher v. Citigroup Global Mkts., Inc.*, 419 F.3d 649, 653 (7th Cir. 2005). The defendant has the burden of establishing that an action is removable, and doubts concerning removal must be resolved in favor of remand to the state court. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004); *Bemis v. Allied Property & Cas. Ins. Co.*, No. 05-CV-751-DRH, 2006 WL 1064067, at *6 (S.D. Ill. Apr. 20, 2006); *Fiore v. First Am. Title Ins. Co.*, No. 05-CV-474-DRH, 2005 WL 3434074, at *2 (S.D. Ill. Dec. 13, 2005).

    **B.**    **Requirements of the CAFA**

Under the CAFA, federal courts now have jurisdiction, with exceptions not relevant here, over class actions with one hundred or more class members, *see* 28 U.S.C. § 1332(d)(5)(B), in which, after aggregating class members' claims, more than $5 million, exclusive of interest and costs, is in controversy, *see id*. § 1332(d)(2), (d)(6), and in which any member of the plaintiff class is a citizen of a state different from that of any defendant, or any member of a plaintiff class, or any defendant, is a foreign state or a citizen or subject of a foreign state. *See id*. § 1332(d)(2). In this case it is not disputed that all of these prerequisites are met. Class actions fitting within the scope of the CAFA are removable in accordance with 28 U.S.C. § 1446. *See* 28 U.S.C. § 1453(b). That is, to remove an eligible class action, a notice of removal must be filed within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has

become removable." *Id*. § 1446(b).

The CAFA is not retroactive and therefore only applies to class actions which are "commenced on or after the date of enactment" of the statute, February 18, 2005. *See* Pub. L. 109-2, § 9, 119 Stat. 4. It is now well settled in this Circuit that an action is "commenced" for purposes of removal under the CAFA when it is filed in state court. *See Phillips v. Ford Motor Co.*, 435 F.3d 785, 786 (7th Cir. 2006); *Pfizer, Inc. v. Lott*, 417 F.3d 725, 726 (7th Cir. 2005); *Bemis*, 2006 WL 1064067, at *2; *Komeshak v. Concentra, Inc.*, No. 05-CV-261-DRH, 05-CV-349-DRH, 2005 WL 2488431, at **2-3 (S.D. Ill. Oct. 7, 2005); *Alsup v. 3-Day Blinds*, No. Civ. 05-287-GPM, 2005 WL 2094745, at *2 (S.D. Ill. Aug. 25, 2005). This action, as noted, was filed in state court on February 17, 2005, one day before the effective date of the CAFA.

It is equally well settled that an amendment of a class action complaint in state court to join a new defendant will commence (or, perhaps more properly, recommence) the action for purposes of removal under the CAFA. In *Knudsen v. Liberty Mutual Insurance Co.*, 411 F.3d 805 (7th Cir. 2005) ("*Knudsen I*"), the court addressed the amendment of class action complaints in state court after the effective date of the CAFA. The court said that "a new claim for relief (a new 'cause of action' in state practice), the addition of a new defendant, or any other step sufficiently distinct that courts would treat it as independent for limitations purposes, could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes." *Id*. at 807. *See also Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330, 333 (7th Cir. 2005) (quoting *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 749 (7th Cir. 2005)) ("[A] defendant added after February 18[, 2005] could remove because suit *against it* would have been commenced after the effective date[.]") (emphasis in original). *Cf. Dinkel v. General Motors Corp.*, 400 F. Supp. 2d

289, 293 (D. Me. 2005) (denying remand when the plaintiffs "commenced" an action against additional defendants after the enactment of the CAFA); *Adams v. Federal Materials Co.*, No. Civ.A. 5:05CV-90-R, 2005 WL 1862378, at *4 (W.D. Ky. July 28, 2005) (holding that a defendant added after the effective date of the CAFA had a right to remove the case to federal court because the action is "commenced" for purposes of the CAFA from the perspective of the newly-added defendant). In *Knudsen I* the court noted that the answer to an inquiry as to whether an amendment has commenced an action so as to make it removable under the CAFA may be "modeled on [Rule] 15(c) [of the Federal Rules of Civil Procedure], which specifies when a claim relates back to the original complaint (and hence is treated as part of the original suit) and when it is sufficiently independent of the original contentions that it must be treated as fresh litigation." 411 F.3d at 807. However, the weight of authority appears to apply the law of the state where a class action was filed in determining whether an amendment relates back so as to commence the action for purposes of removal under the CAFA.

      For example, in *Schorsch* the court, applying state law, concluded that an amendment of a class action complaint after the effective date of the CAFA did not commence a suit so as to make it removable. After the CAFA was enacted, the plaintiff in the *Schorsch* case, a class action against a manufacturer of drum kits for printers, amended his complaint in Illinois state court to allege that a defective part existed in two additional products manufactured by the defendant, prompting the defendant to remove the case on the grounds that the amendment of the complaint had commenced the case anew for CAFA purposes. *See* 417 F.3d at 749-50. The court noted that "[a]n amendment relates back in Illinois when the original complaint 'furnished to the defendant all the information necessary . . . to prepare a defense to the claim subsequently asserted in the amended

complaint.'" *Id.* at 751 (quoting *Boatmen's Nat'l Bank of Belleville v. Direct Lines, Inc.*, 656 N.E.2d 1101, 1107 (Ill. 1995)). The court held that because the same defective part remained at the heart of the proceeding, this was no more than a "workaday change[ ] routine in class suits" and was insufficient to constitute commencement of the action for purposes of the CAFA. *Id*. *See also Phillips*, 435 F.3d at 787-88 (testing whether an amendment of a class action complaint related back to the date of filing of the complaint under the procedural rules of the state where the class action was commenced); *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 757 (7th Cir. 2006) (*Knudsen II*) (same); *Bemis*, 2006 WL 1064067, at *4 (same); *In re General Motors Corp. Dex-Cool Prods. Liab. Litig.*, No. CIVMDL-03-1562GPM, Civ. 05-10007-GPM, 2006 WL 644793, at *2 (S.D. Ill. Mar. 9, 2006) (same); *Boxdorfer v. Daimlerchrysler Corp.*, 396 F. Supp. 2d 946, 951-52 (C.D. Ill. 2005) (same). Thus, the issue for the Court to decide is simply whether Plaintiffs joined a new party Defendant, 360Networks (USA), Inc., after the effective date of the CAFA and, if so, whether this amendment relates back to the pre-CAFA filing date of the original complaint in this case. If the amendment relates back, this action was not commenced after the effective date of the CAFA; if it does not, this action has been properly removed to this Court.

      **C.**      **Commencement of this Action after the Effective Date of the CAFA**

The record is clear that 360Networks (USA), Inc., was not joined as a Defendant in the original state-court complaint in this case, and there is no evidence before the Court that Plaintiffs' failure to join the company was the result of a mistake or that the company was on notice within the period for service of the complaint that it might potentially be a party to this lawsuit. The Court concludes that Plaintiffs have joined a new party Defendant, 360Networks (USA), Inc., after the effective date of the CAFA and that this amendment does not relate back to the filing date of the

original complaint. Thus, the joinder of 360Networks (USA), Inc., has commenced a new litigation for purposes of removal under the CAFA.

Under Illinois law, a plaintiff is responsible for suing the correct defendant within the relevant statute of limitations. *See Dever v. Simmons*, 684 N.E.2d 997, 1002 (Ill. App. Ct. 1997). Illinois law provides that

> [a] cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended.

735 ILCS 5/2-616(d). *See also Pruitt v. Pervan*, 825 N.E.2d 299, 301 (Ill. App. Ct. 2005); *Fassero v. Turigliatto*, 811 N.E.2d 252, 255-56 (Ill. App. Ct. 2004).

The Illinois statute governing relation back of amendments permits joinder of a defendant where the plaintiff "lack[ed] . . . knowledge of the identity or the existence of the defendant [and] . . . [has] act[ed] with reasonable diligence to add the proper parties after their identities become known." *Siebert v. Bleichman*, 715 N.E.2d 304, 307 (Ill. App. Ct. 1999). Conversely, an amendment does not relate back where "the delay in naming the proper defendant" results because

"the plaintiff is aware of the defendant's identity . . . but fails to amend the complaint." *Id*. Thus, "[w]hen a plaintiff is aware of the identity of a defendant . . . but does not seek to add that defendant to her complaint . . . , failure to join that defendant is not" the result of a mistake so as to permit relation back. *Plooy v. Paryani*, 657 N.E.2d 12, 20 (Ill. App. Ct. 1995). Importantly, "[t]here is a distinction between ignorance of law and ignorance of fact. While lack of knowledge about the identity or existence of a defendant is excusable ignorance, lack of knowledge of the law governing the situation is not." *Biggerstaff v. Moran*, 671 N.E.2d 781, 786 (Ill. App. Ct. 1996) (in a suit against an assistant state's attorney, holding that an amendment of the plaintiffs' complaint to assert a claim against a county state's attorney's office rather than against the county reflected a mistake of law, not fact, so that the amendment did not relate back).

Consistent with the rule that a mistake of law will not support relation back, a mistake as to corporate form generally does not permit an amendment to relate back. "[W]hile genuine confusion weighs in favor of permitting the plaintiff's cause of action to continue, the similarity of corporate structure in and of itself is insufficient to excuse the plaintiff's failure to name a defendant before the expiration of the statute of limitations." *Tatara v. Peterson Diving Serv.*, 670 N.E.2d 789, 795 (Ill. App. Ct. 1996) (although a crane rental company and a contractor's service shared the same parent company, this fact did not excuse the plaintiff from naming the contractor's service as a defendant in a timely fashion). "Complex organization structure, if it causes confusion in ascertaining the correct defendant, can be a basis for finding inadvertence. The mere fact that businesses set up different entities to conduct their affairs, however, does not justify a finding of [mistake] unless the profusion of such entities causes confusion in identifying the proper defendants." *Dever*, 684 N.E.2d at 1003 (citation omitted).

In this case, it is clear that Plaintiffs were aware of the existence of 360Networks (USA), Inc., when they filed their original state-court complaint and that Plaintiffs could have named the company as a Defendant if they chose. Although Plaintiffs insist that when they filed their complaint they believed that 360Networks, Inc., and its subsidiary 360Networks (USA), Inc., were the same entity, it is very difficult to credit this assertion. Plaintiffs undoubtedly knew that 360Networks (USA), Inc., is an active corporation; this apparently is why they chose to try to effect service of their complaint on its parent through the subsidiary's registered agent for service of process. More to the point, the principle that corporations – even parent corporations and subsidiary corporations – are separate and are rarely liable for the torts of one another is elementary. *See generally* 1 William Meade Fletcher et al., *Fletcher Cyclopedia of the Law of Private Corporations* § 43.60 (perm. ed., rev. vol. 1999) (collecting cases). *See also Polites v. U.S. Bank Nat'l Ass'n*, 836 N.E.2d 133, 137 (Ill. App. Ct. 2005) ("[C]orporations are . . . separate legal entities even where one wholly owns the other and the two have mutual dealings.").[3] In other words, it was not reasonable for Plaintiffs' counsel to assume that 360Networks, Inc., and its subsidiary 360Networks (USA), Inc., are the same entity.

This obviously is not a case in which Plaintiffs were confused by a complex corporate structure. Additionally, the Court finds no evidence that 360Networks (USA), Inc., would have been on notice of its potential liability in this case during the period for service of the original state-court

---

3. Naturally, in citing *Polites* the Court does not suggest that issues concerning the corporate form likely to arise in this proposed national class action are governed by Illinois law. The Court assumes, without deciding, that any such issues would be governed by the law of the places where the class members reside. *See* Restatement (Second) of Conflict of Laws § 301 (1971); *Id.* § 145. *See also In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1016 (7th Cir. 2002). The Court cites *Polites* merely to illustrate a settled principle of corporations law.

complaint. All of the allegations of Plaintiffs' complaint concern alleged wrongdoing by 360Networks, Inc. Notably, the complaint contains no allegations that would support piercing the corporate veil as between 360Networks, Inc., and related entities. The only summons issued in this case was directed to 360Networks, Inc.; no summons was ever issued regarding 360Networks (USA), Inc.[4] Also, the conduct of 360Networks (USA), Inc., throughout the state-court litigation supports an inference that the company was not on notice of any potential liability. During the year that this case was pending in state court, 360Networks (USA), Inc., never retained counsel and never appeared in the state court.

Finally, the uncontroverted evidence of record shows that 360Networks (USA), Inc., does not own fiber optic cable in Madison County, Illinois, where Plaintiffs reside, so that any claim asserted by Plaintiffs against the subsidiary could not arise out of the same claims underlying the initial complaint. *See Morton v. Madison County Nursing Home Auxiliary*, 761 N.E.2d 145, 149-50 (Ill. 2001) (relation back is allowed only when an amended pleading joining a new defendant asserts a claim based on the same transaction or occurrence as the original complaint). To allow relation back under these circumstances "would be to disregard the purpose of a statute of limitations which is 'to afford a defendant a fair opportunity to investigate the circumstances upon which liability

---

4. In light of the fact that no summons has been issued in this case as to 360Networks (USA), Inc., it seems highly likely that the Court lacks in personam jurisdiction over the company. *See* 735 ILCS 5/2-201; 735 ILCS 5/2-204. *See also Fields v. Keith*, 174 F. Supp. 2d 464, 483 (N.D. Tex. 2001) (reviewing the pre-removal service of a complaint on a defendant and finding that, under Texas law, the defendant had not been properly served, and therefore was not under the state court's jurisdiction when the action was removed, and proper service had not been effected after removal pursuant to Rule 4 of the Federal Rules of Civil Procedure; thus, the court dismissed the defendant from the case without prejudice for lack of personal jurisdiction). The Court need not decide this issue at this time, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999), just as the Court expresses no opinion as to whether Plaintiffs effectively served process on 360Networks, Inc., a thoroughly moot question at this stage in this litigation.

against him is predicated while the facts are accessible.'" *Zeh v. Wheeler*, 489 N.E.2d 1342, 1350 (Ill. 1986) (quoting *Geneva Constr. Co. v. Martin Transfer & Storage Co.*, 122 N.E.2d 540, 549 (Ill. 1954)). The Court concludes that Plaintiffs joined a new party Defendant, 360Networks (USA), Inc., after the effective date of the CAFA, and that this amendment does not relate back to the filing date of the original complaint, so that the joinder of 360Networks (USA), Inc., commenced this action and made it removable in diversity jurisdiction.[5]

The same outcome arguably is compelled by the statutory language of 28 U.S.C. § 1453, which provides, in pertinent part, "[a] class action may be removed to a district court of the United States in accordance with [28 U.S.C. §] 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). This provision of the CAFA abolishes in class actions subject to the statute the traditional "unanimity rule," that is, the principle that unless all defendants properly joined and served when a case is removed consent to the removal, such removal is procedurally defective. *See Northern Ill. Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982); *P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968); *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1076 & n.1 (E.D. Wis. 1993).[6]

---

5. The Court notes that, although it has tested relation back in this case under Illinois law, the result likely would be the same under federal law as well. *See Phillips*, 435 F.3d at 788 (quoting 735 ILCS 5/2-616(b)) ("Under Illinois law as under federal law, an amendment relates back when it arises out of 'the same transaction or occurrence set up in the original pleading.'"); *Schorsch*, 417 F.3d at 751 (stating that the Illinois statute governing relation back of amendments "is functionally identical to Rule 15(c)" of the Federal Rules of Civil Procedure).

6. Obviously, in addition to the unanimity rule, 28 U.S.C. § 1453(b) abolishes in class actions subject to the CAFA the traditional "forum defendant" rule, that is, the rule that removal by a

A corollary of the unanimity rule is the so-called "first-served defendant" rule, which holds that a defendant's failure to remove operates as a waiver of the right to remove as to all later-served defendants. *See Phoenix Container, L.P. v. Sokoloff*, 83 F. Supp. 2d 928, 932-33 (N.D. Ill. 2000); *Higgins v. Kentucky Fried Chicken*, 953 F. Supp. 266, 268 (W.D. Wis. 1997); *Ortiz v. General Motors Acceptance Corp.*, 583 F. Supp. 526, 529 (N.D. Ill. 1984). The rationale of the first-served defendant rule is that when a defendant who has been properly joined and served fails to effect timely removal, the defendant can no longer consent to removal by later-served defendants. "When the first defendant allows the thirty-day period to lapse, he has effectively waived his consent to removal. Therefore, any effort to remove by a subsequently served defendant after that period 'would be futile, because the first-served defendant would be unable to join that petition and the case therefore would be unremovable.'" *Auchinleck v. Town of LaGrange*, 167 F. Supp. 2d 1066, 1068 (E.D. Wis. 2001) (quoting *Phoenix Container, L.P.*, 83 F. Supp. 2d at 932). *See also Graft v. Alcoa*, No. 1:02-CV-01848-JDT-TA, 2003 WL 1984347, at **4-5 (S.D. Ind. Apr. 4, 2003).

Where the requirement of unanimity is eliminated, so too is the first-served defendant rule. *See Plourde v. Ferguson*, 519 F. Supp. 14, 16 (D. Md. 1980) (removal pursuant to 28 U.S.C. § 1442, governing removal by federal officers, was timely where a defendant properly removed the case within thirty days of receipt of the initial pleading in the case, notwithstanding the fact that an earlier-served defendant failed to effect timely removal; section 1442 does not require unanimity of parties to effect removal). Thus, because the CAFA eliminates the requirement of unanimity, presumably it eliminates the first-served defendant rule as well, so that 360Networks (USA), Inc.,

---

defendant to a federal court in a state of which that defendant is a citizen is procedurally defective, *see Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 379 (7th Cir. 2000), although this aspect of the CAFA has no bearing on the case at hand.

was entitled to, and did, remove this case within thirty days from the date the company became a party Defendant.[7]

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (Doc. 24) is **DENIED**.  As per the Court's Order entered February 27, 2006 (Doc. 20), granting Plaintiffs' Motion for Enlargement of Time to Respond to Defendant's Motion to Dismiss and Set Aside Order of Default and Memorandum in Support (Doc. 19), Plaintiffs are **ORDERED** to file a response to the Motion to Dismiss and to Set Aside Order of Default and Memorandum in Support brought by Defendant 360Networks (USA), Inc. (Doc. 16), within **ten (10) days** from the date of entry of this Memorandum and Order.

**IT IS SO ORDERED.**

DATED:  05/18/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge

---

7. Also, the Court notes that recent decisions of the United States Court of Appeals for the Seventh Circuit have somewhat ambiguously adopted the "last-served defendant" rule, which provides that in cases involving multiple defendants served at different times, each later-served defendant has thirty days from the date of service to remove a case to federal court, with the consent of the remaining defendants. *See Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 455 (7th Cir. 2005); *Boyd*, 366 F.3d at 530 (citing *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001)). *See also Chlopek v. Federal Ins. Co.*, No. 05-C-545-S, 2005 WL 3088355, at *2 (W.D. Wis. Nov. 17, 2005).